106  329
126   73

[No. 19350.  In Bank.—March 9, 1895.]

## I. G. WICKERSHAM, RESPONDENT, *v.* JAMES L. CRITTENDEN ET AL., APPELLANTS.

BANKING CORPORATION—ACTION BY STOCKHOLDERS—RECOVERY OF ATTOR-NEY FEES PAID BY PRESIDENT.—Where the president of a bank employed attorneys in a contest between stockholders for its control in which it had no real interest, and whose services were rendered for his private benefit alone, the fees of such attorneys cannot properly be paid from the funds of the bank, and if so paid an action by stockholders will lie to compel him to account to the bank therefor.

ID.—REQUEST OF DIRECTORS TO BRING ACTION, WHEN USELESS—CONTROL OF DIRECTORS.—Where it is averred in the complaint, as a reason for not making a request of the directors of the bank to bring the action, that the directors were under control of the president, and acting in conjunction with him, and that such request would have been useless, and would have been refused; and where the president of the bank contested the merits of the case and justified the alleged wrongful acts, he cannot be heard to object that the stockholders should have made a futile request.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graves & Graves,* and *James L. Crittenden,* for Appellants.

*Lippitt & Lippitt,* and *Wilcoxon & Bouldin,* for Respondent.

THE COURT.—In this case, as in *Wickersham* v. *Crittenden,* No. 19349, this day decided, *ante,* p. 327, there was a mass of irrelevant evidence introduced by respondent. This evidence might be accounted for perhaps by a stipulation referred to in respondent's brief, which stipulation does not appear in the transcript. But, as we said in the other case, this evidence does no harm, because it does not affect the main features of the case.

This action was brought by Wickersham, a stockholder in the bank of San Luis Obispo, for himself and other stockholders, against defendant Crittenden and the bank, to compel Crittenden to account to the bank for certain attorneys' fees in certain actions paid to Graves & Graves, attorneys at law—one thousand dollars at one time, and five hundred and twelve dollars and fifty cents at another time. The court below found in favor of defendants as to the five hundred and twelve dollars and fifty cents, but gave judgment for plaintiff for the one thousand dollars and interest. Defendants appeal from the judgment and from an order denying their motion for a new trial.

At the time the said one thousand dollars was paid to said attorneys, Crittenden was a stockholder, trustee, and president of the bank; and it is quite clear that the actions for the defense of which said attorneys were employed were actions in which Wickersham and Crittenden were the only real parties in interest, contesting with each other as stockholders for the control of the bank. The bank had no real interest in the contest; the services of the attorneys were rendered for the benefit of Crittenden alone; and the value of such services should have been paid by Crittenden and not by the bank. The lower court, therefore, held correctly that he should account to the bank for the money which he procured it to pay out to his own attorneys.

Appellants contend that there is no evidence showing that the money was ever actually paid to said attorneys; but the court so found, and there is no specification of want of evidence to sustain such finding. On the contrary, in the ninth specification it is stated that "said board did fix *and pay* the compensation of Graves & Graves for their said services, and that said action of the board of directors was subsequently ratified," etc. Of course, with such a specification, respondent was not called upon to see that the statement contained evidence of such payment.

It is averred in the complaint, as a reason for not making a request of the directors of the bank to bring this action, that the directors were all under the control of Crittenden and acting in conjunction with him, and that such request would have been useless, and would have been refused; and it is contended by appellants that the court erred in refusing to allow them to ask one of said directors if he was under the control of said Crittenden.

We think, however, that this ruling presents no ground for reversing the judgment, because appellants at no time offered to prove that if such request had been made it would have been granted.

On the other hand, Crittenden and the bank (controlled, of course, by its trustees) contested the merits of the case, claimed that the alleged wrongful acts upon which the action is based were right, and tried the action upon that theory.

Having thus shown that a request of the directors to bring the action would have been futile, they cannot now be heard to say that the respondent should have made the futile request.

There are no other points necessary to be noticed in addition to those noticed in said case No. 19349.

The judgment and order are affirmed.

Rehearing denied.