## Benjamin C. Potts, Appellant, *v.* Rose Valley Mills.

*Corporations—Compensation of officers—Assignment for creditors.*

Where an officer of a corporation, which has made an assignment for the benefit of creditors, has performed or has been ready to perform the duties of his office, he is entitled to compensation for the unexpired portion of his term during which the company's property was in the hands of the assignee. The assignment did not release the corporation from its contract to pay its treasurer for the period for which he was elected.

Where, however, the treasurer held over without a reëlection, while the property of the company was in the hands of the assignee, the presumption is against his right to recover; but if, in fact, services pertaining to his office were rendered by him while so holding over, such services were evidence of his continuance in office and of the consequent right to recover the salary thereof, and evidence of these services should have been submitted to the jury.

Argued Feb. 15, 1895. Appeal, No. 232, Jan. T., 1895, by plaintiff, from judgment of C. P. Del. Co., Sept. T., 1893, No. 131, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for salary. Before CLAYTON, P. J.

At the trial it appeared that plaintiff was elected treasurer of the corporation defendant on June 16, 1891, for the ensuing year, at a salary of $6,000 a year. Before the expiration of the year, on March 7, 1892, the corporation defendant made an assignment for the benefit of creditors. After the assignment on April 30, 1892, the stockholders held a meeting pursuant to notice given according to law, authorized an issue of preferred stock and directed the treasurer to use it at par in the settlement of claims against the corporation. The treasurer in pursuance of this direction carried out his instructions, settled the claims and procured the reconveyance of the estate by the assignee to the corporation on June 6, 1893.

There was no new election of a board of directors and no new election of treasurer. The plaintiff reopened the mill after the reconveyance and commenced work. He claimed to recover his salary from March 7, 1892, to August 8, 1893, less $325, paid him by the assignee for services rendered the assigned estate, and $455.87, drawn by him on account of salary from June 6, 1893, date of reconveyance, to August 8, 1893, less the $455.87 or $545.13.

Verdict and judgment for plaintiff for $545.13. Plaintiff appealed.

*Errors assigned* were, (1) in ruling out the plaintiff's offer to prove that he continued in the employ of the company as treasurer from June 16, 1891, to June 16, 1892. (2) In refusing to admit the minutes of the stockholders' meeting of April 30, 1892.* (3) In ruling that the plaintiff was not entitled to compensation " for the interval between the assignment, March 7, 1892, and the reorganization, June 6, 1893." (4) In ruling that the plaintiff " can only recover for two months," from June 6, 1893, to August 8, 1893. (5) In directing the jury to find for the plaintiff in the sum of $545.13.

---

* The first and second assignments did not quote the bill of exceptions.

*Isaac Johnson*, for appellant.—The defendant could not get rid of its liability by making an assignment for the benefit of its creditors, and under the circumstances of this case his salary continued until this suit was brought: R. R. v. Fitler, 60 Pa. 124.

The assignment could not relieve it from its contract or responsibilities: West Chester R. R. v. Thomas, 2 Phila. 344.

*V. Gilpin Robinson*, *Edward H. Hall* and *George E. Darlington* with him, for appellee.—A stockholder in a corporation is not permitted to recover compensation unless he shows an agreement or resolution to this effect prior to the rendering of the service: Kilpatrick v. Penrose Ferry Bridge Co., 49 Pa. 118; Martindale v. Wilson-Cass Co., 134 Pa. 348.

The powers and duties of the officers of an insolvent corporation must necessarily cease during the time it is in the hands of an assignee for the benefit of creditors, and this follows because all corporate property passes absolutely into the hands of its assignee, whose duty it is to perform all such duties and who charges a compensation therefor : Craig's App., 92 Pa. 396; Hammond's App., 123 Pa. 503.

OPINION BY MR. JUSTICE FELL, April 8, 1895 :

The plaintiff was elected treasurer of the corporation defendant on June 16, 1891. The corporation made an assignment for the benefit of its creditors on March 7, 1892. An adjustment having been agreed upon with its creditors a reconveyance of the assigned property was made June 6, 1893. The action was to recover salary as treasurer from March 7, 1892 to Aug. 8, 1893. A verdict was directed for the amount due after the reconveyance and an instruction given that there could be no recovery for the period between the assignment and the reconveyance.

The plaintiff's election was for one year from June 16, 1891, and more than three months of the term remained after the assignment was made. The assignment did not release the company from its contract, and if there were duties performed during this period, or if there were none and the plaintiff was ready to perform them, and carry out his contract, he was prima facie entitled to recover.

For the balance of the time when the property of the company was in the hands of the assignee the presumption is against the right of the plaintiff to recover.    While the corporate existence continued the corporate functions as to the conduct of business were suspended.    The plaintiff was not re-elected in 1892, but no one was chosen in his place.    He could not recover against the company for services rendered the stockholders, nor could he recover against the company for services rendered upon a quantum meruit or in the absence of an express agreement: Kilpatrick v. Bridge Co., 49 Pa. 118; Martindale v. Wilson-Cass Co., 134 Pa. 348.    The action too was based wholly upon the agreement to pay his salary as treasurer.    On the other hand, there being no election of a treasurer in 1892 because of the failure of the board of directors to meet he would hold over. At a stockholders' meeting held soon after the assignment an issue of preferred stock was authorized, and the plaintiff as treasurer was directed to use it in the settlement of claims against the company.    In pursuance of this direction he effected a settlement with all the creditors and procured a reconveyance of the property, and the company resumed the work for which it was organized.    These services pertained to his office, and if in fact they were rendered by him as treasurer they were evidence of his continuance in office and of the consequent right to recover the salary thereof.    This question we think should have been submitted to the jury together with the right to recover for the period between the assignment and the expiration of the year for which he was elected on June 16, 1891. The learned judge properly said in ruling upon the admission of testimony that the plaintiff could recover for what he did as treasurer, but the question as to what he did was subsequently withdrawn from the jury.    The testimony was not so clear as to justify this.    It would have been much clearer and the presentation of the case much more satisfactory if the effort to suppress the facts had been less strenuous and persistent.    Perhaps three fourths of the record consists of objections made by counsel, and the witnesses were allowed to play such an unimportant part in the trial that the real question whether the plaintiff was serving the company as treasurer or serving his own interests as a stockholder was left in doubt.

The first and second assignments of error are not in compliance with the rules. The third, fourth and fifth assignments are sustained and the judgment is reversed with a venire facias de novo.