# Grafner, Appellant, *v.* Pittsburg, Neville Island and Coraopolis Street Railway Company.

*Corporations—Directors—Service—Payment.*

The directors of a corporation are not entitled to payment for their services to the corporation, where there has been no contract or by-law authorizing such payment made prior to the rendering of the services.

Where stock has been issued to directors of a corporation for services without precedent contract or by-law authorizing payment for services, a person who takes the stock with full knowledge of the transaction is not a bona fide purchaser for value without notice, and he cannot compel the corporation to transfer the stock to himself.

Argued Oct. 27, 1903. Appeal, No. 5, Oct. T., 1903, by plaintiff, from decree of C. P. No. 1, Allegheny Co., June T., 1901, No. 447, dismissing bill in equity in case of Emanuel Grafner v. Pittsburg, Neville Island and Coraopolis Street Railway Company, J. D. Callery, President, and Joseph F. Guffey, Treasurer. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity to compel a corporation to transfer stock. Before COLLIER, J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*William Kaufman*, for appellant.

*George C. Wilson*, with him *William D. Evans*, for appellees.

PER CURIAM , November 9, 1903 :

The certificates of stock sued on in this case were issued by directors of a corporation to themselves for services. There was no agreement by the corporation prior thereto to pay for such services, nor was there any by-law authorizing such payment. A contract or law of the corporation must precede payment for such services or there can be no recovery. Such is the law as laid down in the text books, and it has been uniformly followed by this court, the leading cases being Accommodation Loan, etc. , Association v. Stonemetz, 29 Pa. 534, and. Kilpatrick v. Penrose Ferry Bridge Co., 49 Pa. 118. But it is argued that plaintiff took the stock without knowledge of its illegal issue. The court from sufficient evidence finds flatly against him as to the fact. It finds that the issue of the stock, by a court of record, common pleas No. 3 of Allegheny county, had been adjudged fraudulent, and that plaintiff had knowledge of this litigation. The legal conclusion of the court below that plaintiff is not a bona fide purchaser for value without notice necessarily follows the finding of fact.

All the assignments of error are overruled and the judgment is affirmed.