# Bair & Gazzam Manufacturing Company *v.* Vandersaal, Appellant.

*Corporations—Officers—Compensation—Contract—President.*

An officer of a corporation is not entitled to compensation, unless such compensation has been agreed upon before he accepts office; and this rule applies to the president of a corporation, whether he be a director or stockholder, or not.

Argued April 17, 1908. Appeal, No. 180, April T., 1908, by defendant, from order of C. P. No. 2, Allegheny Co., Jan. T.,

616 BAIR & GAZZAM CO. *v.* VANDERSAAL, Appellant.

1908, No. 374, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The Bair & Gazzam Manufacturing Co. v. S. W. Vandersaal. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*B. J. Jarrett*, with him *Willis F. McCook*, for appellant.— Plaintiff was entitled to recover: Bagaley v. Iron Co., 146 Pa. 478; Stacy v. Cherokee Foundry & Machine Works, 49 S. E. Repr. 223; Sawyer v. Pawners' Bank, 88 Mass. 207.

*C. C. Dickey*, of *Shiras & Dickey*, for appellees.—The president, whether a director or not, stands to the corporation in a relation of trust and confidence. The interests of the corporation are likely to be more dependent upon him than upon any director not an officer, and the trust relation is the reason for the rule of law which prohibits him from receiving compensation from his corporation unless the same be fixed by contract with the corporation before the services are rendered: Martindale v. Wilson-Cass Co., 134 Pa. 348; Kilpatrick v. Penrose Ferry Bridge Co., 49 Pa. 118; Carr v. Coal Co., 25 Pa. 337.

OPINION BY HEAD, J., June 15, 1908:

The plaintiff is a corporation of the state of Pennsylvania and by a decree of court has been placed in the hands of a receiver. At the time of such decree the defendant was the president and active head of the corporation. On the day of the decree he took, of the moneys of the company under his control, the sum of $500 and applied it, as he admits, "in part payment of his salary as president of said company." The

receiver sues to compel the return of this sum to the corporate treasury. The defendant, in his affidavit of defense, avers that he was duly elected president of the company by a resolution of its board of directors; that he "accepted the office upon the express condition and understanding that he should be paid a reasonable and proper salary for the services he should thereafter render;" that his services were extensive and valuable to the company; that "five thousand dollars a year is a proper and reasonable compensation for the service he has rendered and at the rate of said $5,000 per year there is due and owing to defendant from plaintiff as salary to date the sum of $3,750," and that a certificate of balance would be asked for on the trial. In his supplemental affidavit he further avers that his predecessor in office had received compensation, although no amount is stated; that defendant was present at the meeting of the board when the resolution electing him was passed and that he then stated he would accept the office "upon the understanding he should be paid a reasonable and proper salary for his services, to which the said board of directors acquiesced." . The learned court below, being of opinion the affidavits disclosed no sound defense to the plaintiff's claim, entered judgment for the plaintiff, and the defendant appeals.

Thus the defendant—who, under the operation of our defalcation act, becomes, for all practical purposes, a plaintiff—seeks to recover, on a quantum meruit, the fair and reasonable value of his services as president of a corporation, when neither in the by-laws nor by any resolution of stockholders or directors was his right to any compensation declared or the amount of it fixed and agreed to before the services were rendered. That such an action cannot be maintained we regard as abundantly settled. The learned court below well says "we are confronted in this case by the rule of law that an officer of a corporation is not entitled to compensation unless such compensation has been agreed upon before he accepts the office." The authorities reviewed by him fully sustain the conclusion he reaches. We content ourselves with brief quotations from but one or two of them. In Kilpatrick v. Bridge Co., 49 Pa.

118, the Supreme Court, denying the right of a president and treasurer to recover, on a quantum meruit, for compensation for official services, say: "The salary or compensation of corporate officers is usually fixed by a by-law or by a resolution of the directors or stockholders, but where no salary has been fixed none can be recovered. . . . It is well that the rule of law is so. Corporate officers have ample opportunities to adjust and fix their compensation before they render their services, and no great mischief is likely to result from compelling them to do so. But if, on the other hand, actions are to be maintained by corporate officers for services, which, however faithful and valuable, were not rendered on the footing of an express contract, there would be no limitation to corporate liabilities, and stockholders would be devoured by officers." In Martindale v. Wilson-Cass Co., 134 Pa. 348, Mr. Justice McCollum, speaking for the court, says: "The official services of a director or president of a private corporation are rendered in and about its business and at its request, but he cannot recover pay for such services unless an agreement for compensation preceded them. No presumption of such agreement arises from the services; it must be proven."

But counsel for appellant contends that it does not affirmatively appear from the affidavit that he was either a stockholder or director in the plaintiff company and that he is thus an exception to the general rule which ought to be construed to apply only where the officer is also a shareholder. If the defendant was able to aver as a fact that he was not a stockholder or director, and relies on that fact to shield himself from the operation of a general rule of law founded in public policy, he should not have been silent on such an important matter. But the affidavit does aver that the defendant was duly elected president of the plaintiff company, which is averred to be a Pennsylvania corporation. No special charter is set up. If defendant was duly, lawfully elected to the office he must have been eligible. The fifth section of the general corporation act of 1874, in this respect re-enacted by the amending Act of May 14, 1891, P. L. 61, provides: "The number of directors or trustees shall not be less than three; one of

them shall be chosen president by the directors, or by the members of the corporation, as the by-laws shall direct." Finally, the affidavit declares that the defendant was present at the meeting of the board of directors when the resolution electing him was passed. In the face of these considerations we are unable to see how the court could reasonably adopt a theory resting on the assumption of fact that the defendant was neither a stockholder nor director of the corporation.

But we are not willing to give to the rule the narrow construction contended for. We find nothing in the statement of the rule itself by the highest authority, nor in the wise policy in which it has its foundation, to warrant us in so limiting its usefulness. In Kilpatrick v. Bridge Co., 49 Pa. 118 it is said: "The rule is just as applicable to presidents and treasurers or other officers as to directors. . . . Corporations stand upon their charters, and although their officers are in a certain sense agents of the stockholders, they are also trustees whose rights and powers are regulated by law. That they may not consume that which they are appointed to preserve, their compensation must be expressly appointed before it can be recovered by action at law." The application to this case of the rule, which, with the reasons supporting it, is thus so strongly stated, renders the position of the appellant, in our judgment, untenable.

Judgment affirmed.