RITTER, Appellant, v. RILEY, Respondent.

(216 N. W. 351.)

(File No. 6123.   Opinion filed June 10, 1927.)

1.  **Guardian and Ward—Guardian Who Promised to Care for Wards from Her Own Estate Held Nevertheless Entitled to Allowance for Their Maintenance and Education from Income of Wards' Estate, Where Guardian's Means Became Inadequate (Rev. Code 1919, § 3499).**

    Aunt of minor children, who undertook their guardianship, and promised to care for them out of her own estate, held nevertheless entitled, after an interval of three years, to reimbursement from income of estate for reasonable expense, maintenance, and education of wards, where it was shown that private means of guardian were exceedingly limited, and that income of estate was sufficiently large to provide for care and education of wards, in view of object of guardianship and presumption of appointment of fit person as guardian under Rev. Code 1919, § 3499, prescribing provisions of guardian's bond.

**2. Evidence—It Is Presumed that Guardian Was Appointed by Reason of Special Fitness (Rev. Code 1919, § 3499).**

> It is presumed that guardian was appointed by reason of special fitness to discharge duties of trust in relation to care, custody, and education of wards, in view of provisions of guardian's bond prescribed by Rev. Code 1919, § 3499.

Note.—See, Headnote (1), American Key-Numbered Digest, Guardian and ward, Key-No. 150, 28 C. J. Secs. 187, 188; (2) Evidence, Key-No. 82, 22 C. J. Sec. 68; Guardian and ward, 28 C. J. Sec. 108.

On right of guardian to expend principal of ward's estate for maintenance and support, see annotation in 5 A. L. R. 632; 12 R. C. L. 1158; 2 R. C. L. Supp. 1164.

On duty of guardian with respect to education and support of ward, see Bancroft's Probate Practice, Vol. 4, pg, 2118.

Appeal from Circuit Court, Ziebach County; Hon. W. F. Eddy, Judge.

Proceeding by Mary Ritter, guardian of the persons of Eynon William Dunn and Dorothy Dunn, minors, for an allowance from the estate of the minors for their education and maintenance, opposed by Frank E. Riley. An order of county court denying the petition was affirmed by the circuit court, and petitioner appeals. Reversed and remanded.

*W. M. Potts,* of Mobridge, for Appellant.

*T. R. Nelson,* of Dupree, for Respondent.

MISER, C. Appellant, in 1919, was appointed guardian of the persons of the two minor children of her deceased sister. These children were then four and two years of age. Ever since her appointment, she has executed her trust, and provided, out of her own resources, for all the care, necessities, clothing, medical attention, and education of said children. Respondent, in the same year, was appointed as, and now is, guardian of the estate of said minors. The assets of said estate consist of cash, Liberty bonds, and one mortgage for $1,200, amounting to $14,125.57, according to his inventory of January 31, 1924, in addition to which are certain rights of inheritance in the estate of their paternal grandfather. None of the income of this estate has been paid to appellant but presumptively has been permitted to augment the estate.

At the time of her appointment, appellant stated to the county court that she would take care of, and provide the necessaries of life for, said children out of her own estate. This she has done, as the uncontradicted evidence shows. She has also incurred a debt of $58.60 for their medical care, which she is unable to pay. At the time she made application for the custody of the children, she was living on a homestead, and was financially able to care for the children, with the help of her husband. At the time of the trial, she was living at Wakpala, teaching in the domestic science department of the Episcopal Seminary, and receiving therefor $25 per month, together with the privilege of having an apartment for herself and the children. She and her husband still own their homestead; but there is a debt against it of $800, and the net income therefrom is $75 per year. The income of her husband is about $600 or $700 per year. They have no other property or income.

In appellant's petition to the county court, presented November 14, 1922, she applied for a monthly allowance of an amount to be fixed by the court, and represented that the children were being kept in her own home and being given all the advantages of a home, and that it was impossible for her to itemize the expenditures necessary in the care and custody of said children; that the income from the estate of said minors retained by the respondent was ample to provide for said children, being not less than $800 per annum. Although no affidavit or answer in denial of the allegations contained in the petition were filed, upon a hearing in the county court, held March 1, 1924, the petition was denied, the order denying the petition being based on the ground that, if appellant was dissatisfied with her position as guardian of the person, she should first return the children into court, and submit the question anew to the court as to whether she or some other party should be appointed as guardian of the person. From the order of the county court denying the petition, an appeal was taken to the circuit court and a trial de novo had.

At this trial, appellant testified to the facts as aforesaid, and no evidence to the contrary was presented. Thereupon the court found:

"That appellant, at all times since her appointment as guardian of the persons of said minors, has cared for and pro-

vided said minors with the necessaries of life, and clothed and educated them, according to their rank and station in life, out of her own estate."

But the circuit court concluded therefrom:

"That appellant should be precluded from any allowances, as asked for in her petition, by reason of her representation made to the county court of Ziebach county at the time of her appointment as guardian of the persons of said minors, and on the representations made by her a number of times thereafter in her petitions, applications or showings made in court,"

—and judgment was thereupon entered dismissing the appeal.

"In England, it was the chancery practice to make an 'order of maintenance,' fixing the amount which might be annually expended for the ward's support or education; and the guardian was not allowed to make such expenditures without an order.    But, in the United States, the guardian is usually permitted to incur such expenses without a special order, at least to the extent of the income, the necessity of subsequently filing his account and procuring the court's approval being a check on the misuse of that power. * * * The right of the guardian to charge for support or education provided for the ward is sometimes modified by his sustaining a parental or quasiparental relation to the ward. * * * But, even when the guardian is the ward's father, his circumstances may be such as to make it impossible for him to support a child who has means of his own, or the ward's estate may be sufficient to entitle him to a better maintenance or education than the father can give him.    In such a case, the probate court, upon application in advance, may properly make an allowance to the father for the ward's support; and in some cases, where the equities are strong, an allowance has been made to the father, though no application was made in advance.    ['Watts v. Steele, 19 Ala. 656], 54 Am. Dec. 207."    12 R. C. L. 1157, § 49, Guardian and Ward."

In the case at bar, appellant's application to the county court was for a monthly allowance to her for the ward's support.    Although, in her petition, the unpaid doctor's bill was also mentioned, nowhere therein was there a request for reimbursement or for the allowance of other past expenditures.    It is true that courts have held that, on an agreement by the guardian to maintain the

minor at his own expense as an inducement to the court to issue letters to him, he is bound by such offer, and cannot be reimbursed for his expenses in that regard. But other courts have permitted reimbursement. See citations to Guion v. Guion, 16 Mo. 48, 57 Am. Dec. 223, 226, 227, 228; 28 C. J. 117; Woerner's Am. Law of Guardianship, § 49, p. 162. But the question in those cases was whether a guardian, in violation of his express agreement, might, as an afterthought, charge for that gratuitously furnished; whereas the question here is whether one who made such an agreement can apply to the court to have the ward's estate appropriated to the ward's support when circumstances demand it. This presents a very different question, an indicated in Guion v. Guion, supra. Respondent has cited no authority which would preclude a guardian who has exhausted his or her private means from making such application to the county court and being so authorized.

[1, 2] Inasmuch as the chief object of guardianship is to insure the application of the ward's estate to his maintenance and education, it is difficult to see any reason why, in the case at bar, the estate of the wards, at least to the full extent of the income therefrom, should not be made available for that purpose. It is the theory of respondent that, now that the expense of education and maintenance has so increased, and the income of appellant and her husband has so diminished that only by great sacrifice appellant is able to maintain and educate said minors, appellant should resign as guardian. Yet it may well be that the affectionate care which these wards have received from appellant could not be purchased elsewhere with the entire income from the estate. It is not intimated that appellant is not a fit and proper person to have the custody and control of these minors. Certainly it is not to be presumed that the county court of Ziebach county, then presided over by the attorney for respondent herein, auctioned off the guardianship of the persons of these minors to the lowest bidder without respect to her qualifications. The purpose underlying the appointment of a guardian of the person, as well as a guardian of the estate, is that indicated by the provisions of the bond prescribed by section 3499, Rev. Code. Presumptively, the guardian of the estate was appointed by reason of his special fitness to handle the property of the minors. Presumptively, the guardian of the person was appointed by reason of her special

fitness to faithfully discharge the duties of her trust in relation to the care, custody, and education of the wards. The fact that appellant and her husband, out of their limited store, have been willing, thus long, to support and educate these minors as the trial court has found them to have done, is evidence of peculiar fitness for the important responsibilities of a guardian of the person. We are of the opinion that the best interests of the wards will not permit an income sufficient to properly provide for their maintenance and education to be withheld from that purpose; that the trial court erred in denying appellant's petition; that, from the time of filing appellant's petition with the county court, in November, 1922, she should be reimbursed for the reasonable expense of their maintenance and education, and for all moneys thereafter reasonably expended in having her right to such order of maintenance adjudicated and determined, to the end that the estate of the wards should be made available to accomplish the purposes of guardianship, to wit, the education and maintenance of the ward; and that suitable provision should be made for the payment to appellant of such monthly sum as shall insure that care, custody, and education of the wards to which their station in life entitles them; that the amount to be hereafter expended by appellant should not exceed the current income of the estate, unless the county court shall, for good cause shown, order the expenditure of a portion of the principal of said estate for that purpose; but that all income accumulated since the filing in the county court of appellant's petition for allowance should be available for the reimbursement of appellant, as hereinbefore indicated.

Judgment reversed and remanded for further proceedings in harmony herewith.

CAMPBELL, P. J., and SHERWOOD and BURCH, JJ., concur.

GATES and POLLEY, JJ., not sitting.