NORWAY-PLEASANT TELEPHONE CO., Respondent, v. TUNTLAND, et al, Appellants

(3 N. W.2d 882.)

(File No. 8463. Opinion filed May 14, 1942.)

**Alan Bogue,** of Parker, for Appellants.
**Blaine Simons,** of Sioux Falls, for Respondent.

ROBERTS, J. This is an action commenced by the Norway-Pleasant Telephone Company, a corporation, against B. O. Tuntland, Arthur Sogn and Theodore M. Nelson who were formerly directors of the plaintiff company for an accounting of funds claimed to have been wrongfully expended by them. Trial of the action resulted in findings for plaintiff. From judgment for $930 entered in conformity therewith and order denying motion for new trial, defendants appeal.

Defendants constituted the board of directors of plaintiff company from March 16, 1937 to January 13, 1940. They were succeeded by Joe Zweifel, Robert Thompson and Roy Graham who were acting as members of the board of directors at the time of the commencement of the present action.

The issues litigated had much of their origin in other actions to which the telephone company or these defendants were parties. July 2, 1938, the telephone company brought an action in the circuit court of Lincoln County against the Lincoln-Union Electric Company, seeking to enjoin the electric company from energizing its lines until compensation had been paid for damages caused to the property of the telephone company by the paralleling and crossing of the power lines of the electric company with those of the telephone company. Dissension arose between two groups of stockholders. There were those who were stockholders in both companies and were desirous of adjusting differences to enable the electric company to operate. August 10, 1939,

C. P. Asper, who was a stockholder in the two companies, sought a writ of mandamus against the telephone company and its directors to compel them to enter into an agreement of settlement with the electric company. Trial of this proceeding resulted in judgment in favor of the defendants dismissing the action. The telephone company and the electric company subsequently negotiated a settlement. The sum of $3,750 was paid to the telephone company for the purpose of metallicizing its lines.

June 17, 1939, an action was commenced by Joe Zweifel, Robert Thompson and Roy Graham who were stockholders in both the electric company and the telephone company against defendant Tuntland for the purpose of enjoining him from completing the metallicizing of the telephone company lines. This litigation resulted in the appointment by the court of H. B. McFarland to have charge of this work.

October 19, 1939, Joe Zweifel, Robert Thompson and Roy Graham instituted a proceeding in quo warranto against the defendants in the present action. Plaintiffs alleged that they were elected as directors of the telephone company at a meeting of the stockholders on June 6, 1939. This proceeding was brought on for trial on November 8, 1939, but it does not appear from the file received in evidence what determination, if any, was made by the trial court. December 2, 1939, Joe Zweifel petitioned the circuit court under the provisions of SDC 11.0703 to confirm the election of directors at the stockholders meeting held on June 6, 1939, or to order another meeting of stockholders to elect directors. This proceeding resulted in a stipulation between the parties that a meeting of the stockholders for the purpose of electing directors be held on January 13, 1940, and that such meeting be considered as the annual meeting of the stockholders of the telephone company. The election was held pursuant to the stipulation and, as we have heretofore indicated, Joe Zweifel, Robert Thompson and Roy Graham were elected as members of the board of directors.

Defendants have assigned numerous errors in-

volving the sufficiency of the evidence to sustain the findings of the trial court. It is too well settled in this jurisdiction to require citation of decisions that the findings of the trial court must stand unless the evidence clearly preponderates against them. It is also well settled that directors and officers of a corporation act in a fiduciary capacity and they are held to exercise their authority with the utmost good faith. Newcomer et al. v. Mountain Springs Ice & Cold Storage Company et al., 63 S. D. 81, 256 N. W. 359.

■ Defendants first predicate error upon the insufficiency of the evidence to sustain findings 4 and 5. These findings deal with commissions paid to defendant Tuntland on amounts collected from the electric company. These findings so far as here material are as follows:

"That on the 25th day of April, 1939, the said B. O. Tuntland made a charge against the said Norway-Pleasant Telephone Company of $375.00 as a ten per cent commission fee for receiving said sum of $3,750.00 from the said Lincoln-Union Electric Company; that said B. O. Tuntland performed no special service in connection with the receipt of the said sum of $3,750.00, and he was without authority of the Board of Directors of said company, or of the stockholders thereof, to collect a commission upon said payment of $3,750.00; * * *

"That on the 25th day of April, 1939, the said Lincoln-Union Electric Company paid to the plaintiff herein the sum of $96.06 to cover the cost of moving plaintiff's telephone poles from one side of the road to the other * * * the said B. O. Tuntland made a charge against the plaintiff company of $9.60, or ten per cent of said sum, as a collection fee * * * that the said B. O. Tuntland performed no special service to said company in the receipt of said money, and that said charge against the company was not authorized by the Board of Directors or stockholders of said company."

The corporate minutes show that at the annual meeting of the stockholders held February 24, 1934, the employment of defendant Tuntland "to collect outstanding bills" was authorized. Other references are made in the corporate

minutes to collections. At the annual meeting of the stockholders on February 23, 1935, defendant Tuntland was authorized to "collect on the judgments that have been taken." The following appears in the corporate minutes of the meeting of the board of directors held March 9, 1937: "Motion made by Theo. M. Nelson to collect 10% for collecting of bills and 20% for all suits involved." There appears in the corporate minutes of the annual meeting of the stockholders held March 16, 1937, the following: "Motion made to collect all rent and tolls on or before May 1, 1937, or an additional fee of 10% will be added to bill. Motion carried." At the annual meeting of the board of directors held February 24, 1938, "motion made and carried that same collection fee be charged as previous year." The following appears in the minutes of the board of directors held March 24, 1939: "Motion made by Theo. M. Nelson and seconded by Art Sogn that B. O. Tuntland be continued as the collector for the Norway-Pleasant Telephone Company. Motion carried." The court was warranted in finding that the payments complained of were not expressly authorized. It appears from the evidence that defendant Tuntland was employed to collect telephone rentals and the ordinary accounts of the telephone company.

■ It is further contended that the rule that an officer or director of a corporation is entitled to compensation only when there is a valid express agreement has no application to the facts of this case because the rule applies only to officers and directors when acting as such and to duties incident to the official position of officer or director. Counsel asserts that the services were rendered under such circumstances that it is only just that compensation be paid therefor. The settlement with the electric company resulted in the recovery of a substantial amount and the telephone company because of the activity of the board of directors succeeded in preventing an extensive damage to its properties without compensation. This, however faithful and valuable were the services, would not entitle a director to compensation if the services were within the scope of his official

duties. Fletcher Cyc. Corp., Perm. Ed., § 2114; 13 Am. Jur., Corporations, § 1027. We think that the trial court was warranted in concluding that no extraordinary services entitling defendant Tuntland to the payment of the commissions were rendered by him.

The fees of counsel employed by defendants to appear and conduct a defense in the proceedings commenced by Joe Zweifel to confirm the election of directors or to order another election were paid from corporate funds. Defendants assail the finding that the services were rendered for the directors as individuals. Under the provisions of SDC 11.0703 vesting the circuit court with authority summarily to review a corporate election, the court may confirm the election, order a new election or to grant such relief as accords with right and justice. In Wickersham v. Crittenden, 106 Cal. 329, 39 P. 603, the Supreme Court of California speaking with respect to the employment of attorneys to conduct a defense in actions contesting an alleged usurpation of the office of bank director said: "* * * it is quite clear that the actions for the defense of which said attorneys were employed were actions in which Wickersham and Crittenden were the only real parties in interest, contesting with each other, as stockholders, for the control of the bank. The bank had no real interest in the contest. The services of the attorneys were rendered for the benefit of Crittenden alone, and the value of such services should have been paid by Crittenden, and not by the bank."

We think that the telephone company was not a party in interest to the proceeding instituted under the statute referred to and that the trial court correctly held that defendants are accountable to the plaintiff for the amount paid out of corporate funds to their attorney.

It appears from the evidence that defendant Tuntland permitted the telephone company to store poles, wire and other materials on his premises. It is contended that he had no authority to draw upon corporate funds for rental for storage and ground space; that this was a transaction on behalf of the corporation with himself. The trial court so

viewing the evidence found: "That on the 29th day of June, 1939, the said B. O. Tuntland paid to himself, out of funds belonging to the plaintiff company, the sum of $92.00, which he claimed as rent for storing telephone supplies belonging to the plaintiff company upon his premises for a period of three years and ten months; that the telephone company had never made any contract with him to rent any storage space upon his premises; that nothing had ever been said about said storage by B. O. Tuntland over a period of almost four years, and it is clear that the said B. O. Tuntland never intended to make any charge for said storage space; that if he kept any telephone supplies on his premises, it was voluntary on his part and that he had no contract with the telephone company for any special charge."

We think there was sufficient evidence upon which to base the finding. The evidence upon this question was conflicting in many respects, but we cannot say that the evidence clearly preponderates against the finding of the court.

Defendants received reimbursement from the corporation for travel in connection with the quo warranto proceeding and the proceeding for summary review of the corporate election of directors. The trial court permitted recovery by the plaintiff of these items. The corporation was not a party in interest as we have stated and further discussion is unnecessary. The court disallowed a number of items for per diem charged by defendant Tuntland. We think that the trial court was correct in finding that plaintiff was entitled to recover the amount of these items. The payments were made for services rendered in the line of his duties as president and director and compensation for the services was not provided for or agreed upon in the by-laws or by resolution or other action of the stockholders or directors. It is well settled that a director or an officer who is also a director is not entitled to compensation in the absence of an agreement in advance that he shall receive such compensation. Moon Motor Car Co. et al. v. Moon, 8 Cir., 58 F.2d 90; Grafner v. Pittsburg, N. I. & C. St. Ry. Co., 207 Pa. 217, 56 A. 426; Huffaker et al. v. Krieger's Assignee, 107 Ky.

200, 53 S. W. 288, 46 L. R. A. 384; Wickersham v. Crittenden et al., 93 Cal. 17, 28 P. 788; Mather v. Eureka Mower Co., 118 N. Y. 629, 23 N. E. 993; Joy et al. v. Ditto, Inc., et al., 356 Ill. 348, 190 N. E. 671; Annotation: L. R. A. 1917F, 310. This rule is also applicable to the compensation of the directors for attending meetings of the board and of stockholders. The court found that defendants attended during their tenure twelve meetings and were entitled to charge $24. The corporate minutes show that the per diem fixed for attending such meetings was at no time more than $2. We think that the evidence sustains the findings of the court and that the payment of a greater amount than $24 to each of these defendants was voidable.

 We have reached the conclusion that the remaining assignments of error challenging the sufficiency of the evidence to sustain recovery of amounts paid to defendant Tuntland and a justice of peace for collections alleged to have been made for the corporation contain no basis for reversal. Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

RUDOLPH, P.J., and POLLEY and SMITH, JJ., concur.
WARREN, J., not sitting.