BEADLE, Respondent v. TULLAR, Appellant

(13 N. W.2d 808.)

(File No. 8662.  Opinion filed March 22, 1944.)
Rehearing Denied April 25, 1944.

**Henry C. Mundt**, of Sioux Falls, for Appellant.

**Danforth · & Danforth,** of Sioux Falls, and **Claude A. Bennett** and **Carl K. Anderson,** both of Canton, for Respondent.

PER CURIAM. ■ The judgment of the trial court, setting aside deeds by a father to a son on the ground that they were procured by undue influence, is challenged upon the principal ground that the evidence is insufficient to sustain the findings of the trial court. The record has been carefully reviewed and we have concluded that it cannot be said that there is a clear preponderance of the evidence against any material finding of the trial court, and that, therefore, the findings must stand. Norway-Pleasant Telephone Co. v. Tuntland, 68 S. D. 441, 3 N. W.2d 882.

The further point is made that the trial court failed to find on the issue of laches of the plaintiff.

■ The deeds were made and delivered in 1936. Plaintiff, a granddaughter, knew of the deeds in 1937. The grantor died in 1940. This action was commenced in April of 1941. A cause of action did not accrue to plaintiff until the death of her grandfather. 18 C. J. 245; 26 C. J. S., Deeds, § 69. Manifestly, plaintiff could not be adjudged guilty of laches for failing to proceed before her cause of action accrued. See Pratt v. Pratt, 96 U. S. 704, 24 L. Ed. 805. The record fails utterly to support an inference that plaintiff failed to act with reasonable diligence after her cause of action accrued, or that defendant suffered any detriment by reason of the indicated short delay in instituting this suit. Thus it is made to appear that the error of the court in failing to find on this issue is without prejudice to defendant, and that reversal because of this harmless error is unwarranted. 5 C. J. S., Appeal and Error, § 1790, at page 1200.

The judgment and order of the trial court are affirmed.

All the Judges concur.