## In re GUARDIANSHIP OF SEVERTSON et al, Appellant v. SEVERTSON, Respondent

(14 N. W.2d 886.)

(File No. 8621. Opinion filed June 16, 1944.)
Rehearing Denied Aug. 7, 1944

86

**John Carl Mundt,** of Sioux Falls, for Appellant.
**H. C. Mundt,** of Sioux Falls, for Respondents.

SMITH, J.   This appeal involves the settlement of the account of Severt Severtson, deceased. as guardian of his minor daughters, Marcella and Grace.   The appeal is by the special administrator of the deceased guardian.   Of the errors assigned, only the one which questions the sufficiency of the evidence is deemed to merit discussion.   The difference between the parties concerns the adequacy of the credits allowed for maintenance of the wards and for compensation of the guardian.

The guardian was appointed in 1928 and forthwith received upwards of $1200 inherited by Marcella and Grace who were then of the respective ages of six and four.   In 1931, following an investigation and demand by the county judge, the guardian filed what he denominated a "Final Report and Petition for Final Settlement and Discharge" in which he reported the use of $25 per month for the care and maintenance of his children, "not being able financially to take care of said minors himself," and in which he credited himself with compensation at the rate of $60 per annum. This report was noticed for hearing, and some testimony was received but no formal decision was filed settling the account. In 1941, after the death of the guardian, and of the county judge who had presided at the original hearing, pursuant to a petition by the special administrator of the estate of the guardian, the above described report was again noticed for

hearing. The county court entered its order rejecting the described items in part and fixing the balance due to the wards as $575.18. Upon appeal to the circuit court, the order of the county court was affirmed, and this appeal resulted. We develop additional facts in connection with our discussion of the applicable principles of law.

■ The general rule that a guardian who has advanced for the maintenance of his ward an amount not disproportionate to the value of a ward's estate and his station in life must be allowed credit therefor in his settlement (SDC 35.2002), has but secondary or limited application in the circumstances at bar. Severt Severtson, as the father of his wards, was obligated to provide them with support, SDC 14.0310. To justify the use of his wards' funds for their necessary support, a showing of the inability of Severtson to maintain his children was essential. The applicable principle is stated in 39 C. J. S., Guardian and Ward, § 62, p. 101, as follows:

"A father, being under the legal duty to support his children, even though they have independent means, * * * cannot, as their guardian, be allowed anything out of their estate for their support, unless he is financially unable to support them, in which event the allowance should not be of the entire cost of support but only of such amount as was necessary to be used in view of the father's inability; * * *" and see Ritter v. Riley, 51 S. D. 379, 216 N. W. 351, 56 A. L. R. 533; and 25 Am. Jur. 45, § 69.

It is evident that the principles we have stated guided counsel in preparing the guardian's report and the court in reaching its conclusions. The court was required to make its findings from evidence which painted a picture in broad outline.

■ Except for a single small voucher, no specific expenditure of their funds for the benefit of the wards was established. The record is silent as to the actual handling and disposition of trust fund received by the guardian. The father and his second wife maintained these children by the first wife in their home. The provision made for them was very ordinary, if not somewhat meager. The home was

maintained on a farm the father operated as a tenant. Cows and chickens reduced out of pocket expenditures for food. Such witnesses as made reference to clothes saw the children clad in common play garments. The home presented a picture of poor management to a witness called by the special administrator.

Most of the testimony adduced was addressed to two factors, viz., (1) the financial worth, income, and expense of the father, and (2) the reasonable cost of maintaining two little girls. Here again the evidence fails to present a clear picture. Severtson operated 160 acres of Lincoln County land as a tenant where he raised corn, small grain, and hay. He had four horses, cows, hogs, chickens, limited machinery, and an automobile. In round figures his debts amounted to about $3,000. In 1928 he had a good crop, but his crop in 1929 and 1930 was drastically reduced by hail and drouth. Aside from the income from the farm, be enjoyed an unestablished and unestimated income from bootlegging homebrew and alcohol. From indefinite testimony, and conflicting statements, the court was required to estimate his ability to supply his family with the necessaries of life. The evidence as to the reasonable cost of maintaining two such children was more definite but was in sharp conflict.

The central finding of the trial court reads as follows:

"That Severt Severtson spent all of the money which he received as Guardian, and that all of it was spent before his death by him. That it does not appear in the evidence what part Severt Severtson spent on himself and what part of said money was spent for and in behalf of Marcella A. Severtson and Grace J. Severtson for their maintenance and support. That the Court allows for support only an amount as appears was necessarily used because of the father's inability."

The court allowed a credit to the guardian of $100 for maintenance for the year 1928—the year during which, according to the evidence, his income was greatest—and a credit of $200 per annum for the remaining period covered by the report. These findings implicitly embrace a finding that the father was able to make some contribution to the support of his children. The credits allowed constitute the

·court's estimate and finding of the extent of the inability of the father to measure up to his obligation as a parent. It is noteworthy that, according to the testimony of certain witnesses the·court was entitled to believe, the $200 per annum credit closely approached the reasonable cost of maintaining the children.

After a painstaking analysis of the record as a whole, we have concluded that the finding of the trial court are not opposed to the clear weight of the evidence. Hence, they must stand. Norway-Pleasant Telephone Co. v. Tuntland, 68 S. D. 441, 3 N. W.2d 882.

██ The contention that the compensation allowed to the guardian is unreasonable is utterly without support in the evidence. The amount of compensation to be allowed to a guardian rests in the sound discretion of the trial court. SDC 35.2005. According to the record this guardian, as such, did nothing but receive and pay out the described fund, and in so doing converted a large portion thereof to his own use. In the light of these facts it cannot be said that the trial court abused its discretion to the prejudice of the guardian in limiting him to a credit of $65.00 as compensation.

The judgment and order of the trial court are affirmed.

All the Judges concur.