Statement of Facts.

## THOMAS MARTINDALE v. WILSON–CASS CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 29, 1890—Decided April 28, 1890.
[To be reported.]

1. The general rule upon the subject of compensation to the directors of a private corporation is, that they are not entitled to compensation for their official services, unless it is provided for in the corporate charter . or by-laws.
2. In the absence of such provision, a director or president of such a corporation cannot recover pay for official services, when no agreement for compensation preceded them; no presumption of such agreement arising from their performance.
3. Where services are rendered by one in his official capacity, as president or director of a private corporation, a statement of claim relying upon an express agreement to pay for them, but made after they were rendered, will not entitle the plaintiff to recover judgment therefor.
4. Whether a director or president of a private corporation, who is properly employed to perform services which do not pertain to his office, is entitled to recover upon a contract to pay therefor, express or implied, not being raised by the record, is not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 59 January Term 1890, Sup. Ct.; court below, No. 185 September Term 1888, C. P. No. 3.

On November 3, 1888, Thomas Martindale brought assumpsit against the Wilson-Cass Company, filing the following statement of claim, verified by his affidavit:

" That in the month of May, A. D. 1888, in consideration that Thomas Martindale, the plaintiff, had rendered services for the Wilson-Cass Company, the said defendant, in and about its business, at its special instance and request, it, the said defendant, agreed with the plaintiff to pay him the sum of $1,000 on demand.

" That the said plaintiff performed all the services, for which the said compensation is claimed, at the special instance and request of the said defendant, but the said defendant has neg-

lected and refused to pay the said plaintiff said amount, or any part thereof, and on the said date the said defendant was indebted to the said plaintiff for said services in said sum, and still remains so indebted for the whole amount thereof."

The defendant filed an affidavit of defence and a supplemental affidavit, made by its president, averring that the plaintiff was one of the directors of the defendant company during the time in which the services mentioned in his statement of claim were alleged to have been rendered; that the services were not rendered to the defendant; that the plaintiff did render certain services to some of the directors of the said company, consisting of an effort to sell some of the holdings of stock of said directors, but said efforts were unsuccessful, and he failed to make said sale; that, in any event, said services were not rendered to said defendant, or, if rendered, were rendered as an officer of said company, and there was no consideration for said promise, even if made; that the plaintiff was elected president of the defendant company on April 21, 1888, at a salary of $1,800 per annum, which salary was fixed at the meeting at which he was so elected, he being present and accepting said office upon those terms; that thereafter he attended meetings of the company upon May 3, May 4, May 5; and on May 14, 1888, resigned as president of said company, and at his instance, and with his consent, one Ephraim Young was elected president in his stead, and that thereafter said Thomas Martindale did not act as president of said company; that the only services rendered by said plaintiff to the defendant company, for which any compensation was agreed at any time to be paid, thereby meaning services as director, etc., were those as president between the dates above mentioned, at a salary of $1,800 per year; and that the only amount due by the defendant to the plaintiff is the sum of $112.50, being the proportionate part of his salary for his services as president, during the time he acted as such, at the rate stipulated and agreed upon.

A rule for judgment for want of a sufficient affidavit of defence, after argument thereof, was made absolute by the court, without opinion filed, and judgment was entered for the plaintiff for $1,091.25; whereupon the defendant took this appeal, specifying that the court erred :

Arguments.

1. In not discharging the rule for judgment.
2. In entering judgment against the defendant.

*Mr. Silas W. Pettit* (with him *Mr. John R. Read*), for the appellant:

1. Independent of the affidavits of defence, the plaintiff was not entitled to judgment upon the statement of claim filed. The rule of the court below requires that the statement of claim "shall contain a specific averment of facts sufficient to constitute a good cause of action." This, clearly, the statement does not do, as it does not show what the alleged services were. This must be shown, not only because the plaintiff must prove a consideration, but also because a judgment in this case would be no bar to another suit for another $1,000 for "certain services," there being nothing upon the record by which the identity of the services, sued for in the second action, with those embraced in the first suit, could be made to appear. This is no mere technical point; but, in view of the change of management and the ignorance of the present officers respecting the facts, it is especially proper that the plaintiff be compelled to inform them what he did for the company, and whether the services were within the scope of his duties as an officer of it.

2. The affidavits filed by the defendant set out a good defence. Corporations are not liable on a quantum meruit for services performed by their officers, and there must be an express contract for compensation: Kilpatrick v. Bridge Co., 49 Pa. 118; Commonwealth Ins. Co. v. Crane, 6 Metc. 64; Citizens Bank v. Elliott, 55 Iowa 104 (39 Am. Rep. 167); New York etc. Ry. Co. v. Ketcham, 27 Conn. 170. So, an officer, under a fixed salary, cannot recover additional compensation, although the services performed by him were extra and not contemplated in his employment: Carr v. Coal Co., 25 Pa. 337. Nor does the fact of the alleged promise to pay for past services make any difference: Loan Ass'n v. Stonemetz, 29 Pa. 534; Jones v. Morrison, 31 Minn. 140; Holder v. Railroad Co., 71 Ill. 106 (22 Am. Rep. 89). Directors are not entitled to compensation for their official services as such, unless it is provided for by the charter or by-laws: Morawetz on Corporations, § 508; Angell & Ames on Corporations, § 317. The court be-

low thought that, as the promise to pay was not denied, the consideration was immaterial ; but the cases cited show that such a promise is against public policy and void.

*Mr. Wendell P. Bowman,* for the appellee :

1. The statement of claim avers that the services were rendered at the special instance and request of the defendant, and that it agreed to pay him therefor $1,000. From time immemorial such a form of statement has been regarded as sufficient. Work and services are always sufficient consideration for a promise, if rendered at the request of the promisor : 1 Parsons on Cont., *446. Such a consideration is sufficient, whether the contract be express or implied. Considering that one of the objects of the Procedure Act of May 25, 1887, P. L. 271, was simplicity in pleading, it is proper to have all statements of claim, not covered by the old affidavit of defence law, to conform simply to the old, well-settled rules as to declarations in assumpsit ; otherwise, the whole system would be in confusion. The promise upon an executed consideration is well stated, in this case, according to the ancient and established practice : 1 Chitty on Pleading, 16 Am. ed., 302.

2. Purely technical objections to a statement are not favored : Brooks v. Merchants N. Bank, 125 Pa. 394. The defendant complains that the plaintiff has not anticipated and met in his statement the points of defence which it sets up ; but it is neither incumbent upon, nor proper for a plaintiff so to do : Griffith v. Sitgreaves, 2 W. N. 707. The alleged illegality of the contract is matter of defence, which it is for the defendant to show. Again ; when a defendant undertakes to be sworn that he has a full defence to the whole of the plaintiff's claim, he should not merely allege defects in the affidavit of claim. To the objection that if another suit were brought the record of the present one would not show the identity of the services, it is answered that the defendant will have as much protection as if it had given a promissory note for services.

3. The affidavits of defence are evasive and argumentative. They neither deny the making of the contract nor aver the facts showing any illegality. It is not shown what services are incidental to the offices of president and director, and it is not illegal to employ a director in services outside the scope of

his official duty: Chandler v. Bank, 1 Green 255. Nor is an express promise to pay therefor necessary, when the nature of the services implies an intent and obligation to pay: 2 Waterman on Corp., 374; Angell & Ames on Corp., § 317. Such intent and obligation are implied by the request to render the services. Moreover, for all that appears, such extra compensation may be authorized by the organic law of this corporation. On account of their evasiveness and argumentativeness, the affidavits were insufficient to prevent judgment. And also because their averments are in a disjunctive or alternative form: Boston N. Bank v. Bartholomew, 2 W. N. 445; Black v. Halstead, 39 Pa. 64. As the facts are not clearly and plainly set forth, all doubts must be resolved against the defendant: Selden v. Neemes, 43 Pa. 421; Peck v. Jones, 70 Pa. 83; Ogden v. Offerman, 2 M. 40.

OPINION, Mr. JUSTICE McCOLLUM:

The plaintiff claims that in May, 1888, in consideration that he had rendered services for the defendant in and about its business, at its special instance and request, it agreed to pay him $1,000 on demand. The defendant is a corporation, and the plaintiff was at one time a director, and the president of it. The affidavits of defence allege that the plaintiff was duly elected president of the defendant corporation on April 21, 1888, and that his salary was then fixed at $1,800 per annum; that on the 14th of May following he resigned the office of president, and that during his incumbency of it he attended but three meetings of the company; that the only services rendered by him to the company for which any compensation was agreed at any time to be paid were as president during the twenty-four days he held that office.

The general rule on the subject of compensation to directors of a corporation is thus stated in 1 Morawetz on Corp., 2d ed., § 508: " Directors are not entitled to any compensation for their official services, as directors, unless compensation is provided for by the charter or the by-laws adopted by the majority." The decisions in Kilpatrick v. Bridge Co., 49 Pa. 118, and Loan Ass'n v. Stonemetz, 29 Pa. 534, recognize and enforce this rule. In Carr v. Coal Co., 25 Pa. 337, it was held that the secretary of a private corporation, at a fixed salary,

could not recover extra pay for services in that capacity, although the services were not anticipated at the time of his appointment, and were not enumerated in the charter or by-laws.

The official services of a director or president of a private corporation are rendered in and about its business and at its request, but he cannot recover pay for such services unless an agreement for compensation preceded them. No presumption of such agreement arises from the services; it must be proven.

The plaintiff's statement in this case fails to inform us what the services were for which he claims pay, or to allege that they were rendered on a promise of the corporation to pay for them. He relies on an agreement made after the services were performed; and this alone will not support the action, if the services for which he sues were rendered in his capacity as director or president. It may be that for services, as president, he can recover on the basis of the salary attached to that office; but a salary of $1,800 per annum would not yield $1,000 for twenty-four days of service. The statement of the plaintiff's claim, and the affidavits of defence which answer it, taken together, show that the services for which he seeks to recover in this action were performed in his capacity as director or president of the defendant company. It follows, from what has been said, that it was error to enter judgment for want of a sufficient affidavit of defence.

Whether a director or president of a private corporation, who is properly employed to perform services which do not pertain to his office, is entitled to such compensation as has been agreed upon, or as the services are reasonably worth, is a question on which we express no opinion, as it is not raised by this record.

Judgment reversed, and procedendo awarded.