## Althouse, Appellant, *v.* Cobaugh Colliery Company.

*Corporations—Officers—President and directors—Compensation for services rendered—Necessity for express contract.*

1. A corporate officer or director cannot recover compensation for services rendered the corporation unless there was an express contract of employment before the services were performed.

2. The president of a corporation cannot recover on the basis of a quantum meruit for services rendered the corporation of which he is an officer, except as an express contract can be shown, and this is so although the services for which recovery is sought are professional and not such as appertain to the office of president under the by-laws of the corporation.

2. This rule applies to the president of a coal company, a mining and civil engineer, who claims to recover from the company compensation for services in surveying, procuring rights of way, building a railroad and bridge, and putting up tipples.

Argued Feb. 14, 1910. Appeal, No. 240, January T., 1909, by plaintiff, from judgment of C. P. Schuylkill Co., May T., 1905, No. 154, on verdict for defendant in case of H. W. Althouse v. Cobaugh Colliery Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for services rendered. Before SHAY, P. J.

The plaintiff, a mining and civil engineer, had performed services for the benefit of a mining corporation of which he was president in surveying, procuring rights of way, building a railroad and bridge, putting up tipples, etc.

At the trial the court charged in part as follows:

[The defendant contends that he (the plaintiff) is only entitled to compensation for his services in that respect, when they are outside of his duty as an officer, where there has been a prior agreement or direction by the corporation for him to proceed with that work, and that is the view we take of the law in Pennsylvania.] [2]

[The offer here was to prove that this plaintiff had done a large amount of work for the benefit of this corporation in surveying, procuring rights of way, in building a railroad and a bridge, and putting up tipples. But there was no attempt to show that he had ever been authorized previously to the work being done by this association, either by resolution, agreement or contract, or in any way, or that there was any supervision over it or anything of the kind. The offer merely purported to show that he did the work, and that it was outside of his duties as president; that it was beneficial to the company and that they had acquiesced in it. We do not think that comes up to the rule of law as laid down in Pennsylvania.] [3]

[That is what we say here, that a party must be properly employed; then if his compensation is not agreed upon, if there is nothing said as to how much he shall be paid, it becomes a question for the jury as to whether he is entitled to be paid what he claims for his services, or how much he is entitled to. But he must first show that he has been properly employed to perform those services.] [4]

[That is, where a man is president, or secretary, or other officer of the corporation, and he is engaged to do services outside of his duties as such officer, it is no hardship for the law to compel him to have a resolution passed fixing his employment or compensation before he enters upon the duties so as to enable him to recover. If he neglects, that is his fault, and not the fault of the corporation or anybody else.] [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (2–5) above instructions, quoting them.

*R. H. Koch,* with him *Wm. M. Faussett,* for appellant.—If a director is properly employed to perform services which do not pertain to his office as director, he is entitled to such compensation as has been agreed upon or as the services are reasonably worth: Fitzgerald & Mallory Construction Co. v. Fitzgerald, 137 U. S. 98 (11 Sup. Ct. Repr. 36); Corinne

Mill, etc., Co. v. Toponce, 152 U. S. 405 (14 Sup. Ct. Repr. 632); Ruby Chief Mining & Milling Co. v. Prentice, 52 Pac. Repr. 210; Bassett v. Fairchild, 64 Pac. Repr. 1082; Rogers v. Ry. Co., 22 Minn. 25; Henry v. R. R. Co., 27 Vt. 435; Sawyer v. Bank, 88 Mass. 207; Gumaer v. Cripple Creek Tunnel Transportation & Mining Co., 90 Pac. Repr. 81; Taussig v. Ry. Co., 65 S. W. Repr. 969.

*W. L. Kramer* and *James B. Reilly*, for appellee.

OPINION BY MR. JUSTICE STEWART, March 28, 1910:

That a president or director of a corporation cannot recover on the basis of a quantum meruit for services rendered the corporation of which he is an officer, except as an express contract can be shown, may be regarded as settled law in this state. That a different rule obtains in some jurisdictions is nothing to the point; our own policy has been too long established to be questioned, and the general and continued acquiescence therein is its own sufficient vindication. "Corporate officers," says WOODWARD, C. J., in Kilpatrick v. Penrose Ferry Bridge Company, 49 Pa. 118, "have ample opportunities to adjust and fix their compensation before they render their services, and no great mischief is likely to result from compelling them to do so, but if, on the other hand, actions are to be maintained by corporate officers for services, which, however faithful and valuable, were not rendered on the foot of an express contract, there would be no limitation to corporate liabilities, and stockholders would be devoured by officers." We have here a clear statement of the rule and the policy on which it rests. True, in that case, as in Martindale v. Wilson-Cass Company, 134 Pa. 348, the action was to recover for official services, that is to say, for services rendered by the officer within the scope of official duty, and it is sought to distinguish the present case from these, by the fact that here the services for which recovery was sought were professional, and not such as appertained to the office of president under the by-laws of the corporation. The distinction is apparent, but it marks no substantial dif-

ference with respect to rule or policy. There is quite as much reason for requiring a corporate officer to show an express contract for compensation as a condition of recovery in one case as in the other. This feature of the case, however, calls for no argument, in view of the recent adjudication in Brophy v. American Brewing Company, 211 Pa. 596. There the action was brought by one who had been a director, to recover for services rendered as manager and superintendent of the company, services quite as much outside of the proper duties of a director as those this plaintiff rendered were outside the prescribed duties of the president. He failed to show that they were rendered under an express contract. Every consideration relied upon in the present case to support the plaintiff's claim was urged there—the services rendered were valuable; the corporation availed itself of them; and they were not voluntarily rendered without expectation of being paid for. The court below held that unless the services were rendered pursuant to a contract that they were to be paid for, there could be no recovery. On appeal to this court the judgment was affirmed in a per curiam opinion in which the law is thus explicitly declared: "The plaintiff during the whole period for which he claimed compensation for services was an acting director and a member of the executive committee of the board of directors. He came therefore within the reason of the settled rule that a corporate officer cannot recover compensation for services rendered the corporation unless there was an express contract of employment before the services were performed. Whether the plaintiff had been employed as superintendent or manager, with all other questions of fact, was fairly submitted to the jury. The instruction that there could be no recovery on the basis of a quantum meruit for services rendered was right." This is conclusive of the present controversy.

The judgment is affirmed.