## Spang, Appellant, *v.* Wertz Engineering Company, Inc.

Argued May 2, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Donald F. Spang,* with him *Ellis Brodstein,* for appellant.

*Paul N. Schaeffer,* with him *George W. Manderbach,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, May 23, 1955:

The plaintiff is a minority stockholder of the defendant Wertz Engineering Company. The individual defendants—Augustus S. Wertz, Howard S. Gerhart, George R. Portz and J. Ralph Heinz—are respectively, the President, Vice-President, and Secretary of the company, and together comprise the entire Board of Directors.

In an Amended Bill in Equity filed in the Court of Common Pleas of Berks County, the plaintiff averred that the individual defendants as directors had increased their salaries and given themselves bonuses without authorization and without warrant in law. The defendants in their Answer denied receiving bonus payments and declared that the sums complained of by the plaintiff were salaries established by resolution of the Board of Directors on October 21, 1950, at a time when the plaintiff himself was a director and that he himself had moved adoption of the authorizing resolution which then unanimously passed.

At the trial in the Court below the plaintiff, failing to produce evidence of voted increase in salaries or bonuses, relied for support of his contentions on oral

testimony and a typewritten statement showing that on December 20, 1951, sums varying from $2,375.20 to $3,685 had been paid to the individual defendants. The record demonstrated that the sums in question were deferred payments on account of past salaries due and owing the defendants and there was no evidence to substantiate any suggestion of overreaching or fraud on the part of the directors. The Chancellor was thus justified in finding as he did that "the individual defendants did not pay any bonus to the individual defendants at the close of the year 1951 or at any other time in that year," and that therefore the defendants were not required to return the amounts received by them. As was stated in *Jones v. Costlow*, 349 Pa. 136, 143, "While the courts have some measure of supervision over the action of directors in fixing their own salaries as officers or for other services rendered, there should be no judicial interference in that regard unless fraud or overreaching appears . . ."

The plaintiff also asked in his Amended Bill in Equity that the Court compel the defendants to permit him to inspect at reasonable intervals the books and records of the defendant corporation. The plaintiff admitted that on Saturday mornings he was allowed to go through the stock register, the general ledger and the minutes of the Directors' meetings, but he contended he needed to see more. He wished to examine, in addition, payroll records, traveling expenses, expense account records, accounts receivable records, accounts payable records, notes receivable records, notes payable records, scheduling records including status of customer orders and status of orders to suppliers for the purpose of determining whether or not the company's affairs were being properly managed in view of an alleged decline in surplus. Whether or not a stockholder has the right to view all the records in-

dicated is not a subject here for decision on this appeal in view of the disposition of the case which has been made on the main merits. If the Court below had decided that the directors were not acting in the best interests of the company, it could have, as incidental to the main issue, ordered the defendants to permit full inspection of the books. The Chancellor, however, having found no ground for the general equitable intervention sought by the plaintiff, would have no jurisdiction to act solely on the prayer for inspection of the corporate books. In this respect the plaintiff can have recourse to the law in an action of mandamus. (*Hodder v. George Hogg Co.*, 223 Pa. 196.) In the case of *Cella et al. v. Davidson et al.*, 304 Pa. 389, 395, this Court said: "A court of equity cannot acquire and retain jurisdiction of matters not justiciable before it, such as the removal of corporate officers or the direction of corporate election, through the medium of another matter pleaded within its cognizance but as to which after hearing it does not act and grants no relief: Ahl's App., 129 Pa. 49, 61, 62."

Decree affirmed; costs on the appellant.