## Merz v. Merz White Way Tours

*Duane, Morris & Heckscher*, for plaintiff.

*Raspin, Espenshade, Heins & Erskine*, for defendants.

CRUMLISH, J., October 5, 1956.—Plaintiff filed a complaint in mandamus to which preliminary objections were filed. Pending argument and disposition of the preliminary objections, plaintiff filed a motion for summary judgment. Both matters are before us for disposition.

Briefly stated, plaintiff's grievance is that as the owner of 54 shares of common stock in a corporation, referred to as Merz White Way Tours, she has been

refused the right to examine the financial books and records of the company. It is averred that there are presently issued and outstanding 335 shares of stock in the corporation; the president of the company owns 171 shares; an employe of the company owns 110 shares; plaintiff holds the balance.

Plaintiff avers that since November 1946, the corporation has failed to furnish adequate financial information to the stockholders, that the books of the corporation have not been audited by an independent firm of accountants since that date, that the books and records are being kept by the president and/or treasurer at their principal office in Philadelphia.

The relief sought is a judgment against defendants, commanding them to perform the following acts or duties requires by law: To permit plaintiff opportunity at reasonable times to inspect, through her agents, accountants and attorneys, all financial books and records of the corporation necessary for plaintiff to determine whether the corporation has been and is being properly managed; to perform such other acts and duties as the court may see proper in order to effectuate the purposes of this complaint; to pay the cost of this proceeding.

The preliminary objections raised by defendants are three in number: One, the complaint is not specific in that it does not set forth with certainty the purpose for which plaintiff seeks to inspect the books and records of the corporation; two, that it does not state which financial books and records it seeks to inspect; three, the complaint does not allege a cause of action in that it does not aver any definite and distinct dispute as to which it appears to the advantage of plaintiff to examine the books and records of the corporation, nor allege facts from which such dispute could be found. Defendants request that the complaint be dis-

missed or, in the alternative, plaintiff be required to file a more specific complaint.

We will rule on the foregoing objections before considering plaintiff's motion for summary judgment.

The authority for plaintiff's action rests upon statute and our rules of civil procedure. By the terms of the Business Corporation Law of May 5, 1933, P. L. 364, art. III, sec. 308, 15 PS §2852-308: "B. Every shareholder shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, for any reasonable purpose, the share register, books or records of account, and records of the proceedings of the shareholders and directors, and make extracts therefrom." See also Spang v. Wertz Engineering Company, Inc., 382 Pa. 48 (1955).

Pennsylvania Rules of Civil Procedure 1092-1098 set up the mechanics of an action of mandamus. Rule 1092(c) provides, inter alia: "An action brought in the name of a party to enforce a right or to compel performance of a public act or duty in which the party has a beneficial interest distinct from that of the general public may be brought in and only in . . . (3) the county where a corporation or similar entity has its registered office or principal place of business when the action is against the corporation or similar entity or an officer thereof."

All preliminary objections are considered together.

Even before legislative action was taken pronouncing the right of a shareholder to investigate the financial books of his corporation, it was a well established right upon the showing of proper cause: Commonwealth ex rel. v. Phoenix Iron Co., 105 Pa. 111 (1884). The Mandamus Act of June 8, 1893, P. L. 345, provided for inspection of books of a corporation by any person beneficially interested, and did not restrict inspection merely to shareholders: Taylor v.

Eden Cemetery Company, 337 Pa. 203 (1940). In the Taylor case, supra, the court quoted from Hodder v. George Hogg Co., 223 Pa. 196, 198 (1909), wherein, on page 198, the court stated:

" 'Relator as a stockholder has without question the right to inspect the books of the company, at a proper time, and in a proper way, even though his only object be to ascertain whether the business has been properly conducted.' "

In 1955 the Supreme Court, in Spang v. Wertz Engineering Co., Inc., supra, cited the Hodder case as authority for plaintiff's recourse to the law in an action of mandamus for inspection of corporate books.

There is nothing in the Act of 1933, supra, that requires a plaintiff to allege a definite and distinct dispute whereby it would appear to the advantage of plaintiff to examine the books and records of the corporation. There is a basic right given every shareholder to examine certain corporate records for any reasonable purpose, at any reasonable time or times: Klein v. Scranton Life Insurance Company, 139 Pa. Superior Ct. 369, 374, 375 (1939). We need only consider whether or not plaintiff has alleged a reasonable purpose for her request.

Plaintiff alleges that since November 1, 1946, inadequate financial information has been furnished stockholders; further, that since that date, the books of the corporation have not been audited by an independent firm of accountants. From the foregoing allegations it appears plaintiff has a cogent reason for requesting permission to investigate the financial structure of the corporation to determine whether or not it has been and is being properly managed.

Plaintiff's prayer to inspect "all financial books and records of the corporation necessary for the plaintiff to

determine whether the corporation has been and is being properly managed", is specific enough to place defendants on notice of the investigation contemplated. There is no evidence that plaintiff is sufficiently acquainted with the corporation's form of bookkeeping to be able to itemize the exact books of account to be produced. Plaintiff is seeking a statutory remedy, and relief granted will be governed by statutory provisions. At this stage of the proceedings, no purpose would be served by requiring plaintiff to further specify the books of the corporation to be scrutinized.

On the basis of the foregoing, defendant's preliminary objections are dismissed.

Concerning plaintiff's motion for summary judgment, we turn to Pa. R. C. P. 1098. It reads as follows: "At any time after the filing of the complaint, the court may enter judgment if the right of the plaintiff thereto is clear, but the judgment may be opened upon cause shown. Judgment shall not be entered without prior notice to all parties unless the exigency of the case is such as to require action before notice, in which event notice shall be given as soon as possible."

As a general principle: "Whether mandamus shall issue is a matter for the exercise of a sound discretion by the court applied to; the writ is not one of absolute right: (cases cited)": Gold v. Building Committee of Warren Borough, 334 Pa. 10, 11 (1939). To the above quotation goes a cautionary note: "Of course, the Court's discretion must be exercised on equitable principles and in accordance with well-settled rules of law: 55 C. J. S. Mandamus, §10, pp. 32, 33": Waters v. Samuel, 367 Pa. 618, 622 (1951).

Plaintiff relies heavily on the Hodder case, supra, and subsequent cases following that decision as authority for her motion for summary judgment. In the Hodder case, a petition for a writ of alternative man-

damus was filed by a stockholder, alleging mismanagement of the corporation and improper use of its funds, and the denial of his right to access to the books of the corporations. Respondents filed an answer and made return to the petition, and upon demurrer thereto the lower court awarded the requested writ. On appeal, the Supreme Court affirmed the issuance of the writ on the basis that the charges and countercharges filed showed clearly there was a substantial dispute concerning the management of the company and the stockholder was entitled to the information requested. We have heretofore quoted that portion of the Hodder opinion that sets forth the stockholder's right to inspect the books at a proper time, and in a proper way. It is wise to point out further language, at page 198:

"The allegations of the petition are well within the limits laid down as requisite by the authorities. In fact they are directly within the ruling of this court, in the late case of *Kuhbach v. Irving Cut Glass Co., 220 Pa. 427;* it is there pointed out that the stockholder has the right to investigate the condition of the company for himself, provided he exercises the right in good faith and in a proper and reasonable way."

In the instant case, defendants have not yet had an opportunity to file an answer to plaintiff's complaint. A substantial substantive defense may lie behind defendants' refusal to allow plaintiff to investigate the financial structure of the corporation. If no adequate defense exists, then the time will be ripe for a motion for summary judgment. In our opinion, plaintiff's action at this time is premature.

Wherefore, in accordance with this opinion, the preliminary objections are dismissed; plaintiff's motion for summary judgment is denied; defendant is granted 20 days herefrom in which to file an answer to the merits.