**Antonio J. PALUMBO, Appellant,**

v.

**DEPOSIT BANK and E.H. Brubaker.**

**No. 84–3521.**

United States Court of Appeals, Third Circuit.

Argued March 12, 1985.
Decided March 27, 1985.

John R. Fernan (argued), Cartwright, Fernan & Whitney, Ridgway, Pa., for appellant.

John McN. Cramer (argued), Nelson W. Winter, Reed Smith, Shaw & McClay, Pittsburgh, Pa., for E.H. Brubaker.

Robert J. White (argued), Deposit Bank, DuBois, Pa., for Deposit Bank.

Before HUNTER, GARTH and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

On August 7, 1984, the United States District Court for the Western District of Pennsylvania entered summary judgment against Antonio J. Palumbo in his suit challenging his exclusion from the Board of Directors of Deposit Bank. Palumbo contends that the district court erred in assuming jurisdiction over the case, granting summary judgment in favor of the bank and its president, and denying appellant's motion for extraordinary relief. We find that the district court acted properly in all respects and affirm the entry of summary judgment.

Appellee Deposit Bank is a Pennsylvania bank and trust company and appellee E.H. Brubaker serves as its president and one of its directors. At all relevant times, Palumbo owned 26,332 shares of Deposit Bank stock, representing about 5.55% of the outstanding shares. He was the largest shareholder of the bank and served as a member of the Board of Directors from 1977 to 1982. The record indicates that Palumbo participated actively in the management of the bank, but often disagreed with the decisions of the other directors.

At the bank's 1982 annual meeting, the shareholders approved by a vote of 353.311 to 128,689 an amendment to the bylaws of the bank providing that:

All Directors who have attained the age of 70 by March 1, 1981, shall retire from the Board at the annual meeting following the attainment of age 75. All other Directors shall retire from the Board at the annual meeting following the attainment of age 72.

As Palumbo was 75 years old at the time of the 1982 annual meeting, the Board of Directors refused to nominate him for re-election to the Board. Palumbo opposed the amendment to the by-laws on the ground that it was intended only to exclude him. He organized a shareholder committee, offering an alternative slate of directors, of which he was one. Palumbo's shareholder committee succeeded in securing the election of three directors, not including Palumbo, but the Board retained control with 12 of its nominees elected.

At the 1983 annual meeting, Palumbo again organized a committee to oppose the Board's choices for directors. This time, Palumbo was not among the candidates proposed by his committee, and the committee succeeded in securing the election of only one director. The remaining 15 vacancies were filled by the choices of the Board.

According to Palumbo, he disagreed with the Board primarily on the question of when, if and with whom Deposit Bank should merge. He claims that he favored an advantageous merger while the Board was unwilling to discuss, or at least unwilling to discuss with him, the possibility of any merger. On May 5, 1983, Palumbo filed a complaint in equity in the Court of Common Pleas of Elk County, Pennsylvania, seeking, *inter alia,* to have the election of directors at the 1983 annual meeting set aside, an injunction to prevent people who do not have the requisite share ownership from serving as directors, an injunction to prevent enforcement of the age restriction and various other forms of relief.

To support his plea that the election of directors be set aside, Palumbo contends that the appellees secured proxies by misrepresenting their efforts towards merger. On the basis of this contention, Brubaker and Deposit made a timely removal to the United States District Court for the Western District of Pennsylvania. They believed, we think correctly, that Palumbo's assertions of misrepresentations in connection with the solicitation of proxies raised a claim under section 14 of the Securities Exchange Act of 1934, 15 U.S.C. § 78n (1982), and the rule of the Federal Deposit Insurance Corporation dealing with the solicitation of proxies by nonmember banks, 12 C.F.R. § 355.206(2a–3a) (1984). Palumbo moved for a partial remand, asking that his state claims be sent back to state court. The district court refused, finding that it could legitimately exercise pendent jurisdiction since all Palumbo's claims arose out of a common nucleus of facts.

After the institution of Palumbo's suit, Deposit Bank entered into a tentative agreement to merge with a wholly-owned subsidiary of First Commonwealth Financial Corporation ("FCFC"), a registered Pennsylvania bank holding company. Palumbo received a letter dated July 21, 1983 notifying him of the possible merger. The bank mailed notice to all shareholders of a special meeting to be held on January 17, 1984 at which the shareholders would consider and vote on the proposed merger. Palumbo received the notice and on January 10, 1984 filed a motion for hearing and extraordinary relief, requesting that the district court "set a hearing and thereafter order such extraordinary relief, if any, as this court deems appropriate." At the January 17 meeting, before the district court heard argument on the motion, 88.75% of the shareholders voted in favor of the merger. The district court heard Palumbo on his motion for extraordinary relief on February 2, and denied it.

The merger occurred on March 19, 1984, and Deposit Bank became a wholly-owned subsidiary of FCFC. After the merger, those who did not tender their shares for cash of Deposit Bank stock became shareholders of FCFC, and FCFC became the sole shareholder of Deposit. FCFC reelected Deposit's Board of Directors and instituted by-laws containing no stock ownership requirement for directors. On August 7, 1984, the district court entered summary judgment in favor of Deposit Bank and Brubaker on all claims.

Palumbo first contends that the district court improperly assumed jurisdiction over the case. Because he did not give proxies to management in reliance on the alleged misrepresentations, he asserts that he had no standing to bring a claim under Section 14(a) of the Securities Exchange Act of 1934. He concludes that the district court had no federal jurisdiction, and therefore, abused its discretion in assuming pendent jurisdiction over the state claims. We disagree and note that Palumbo, in order to get around the district court's adverse decision, is in the ironic position of attacking his own standing to bring the law suit.

■ Section 14(a) makes it unlawful for any person to solicit proxies by making false or misleading statements. "The purpose of § 14(a) is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation." *J.I. Case Co. v. Borak,* 377 U.S. 426, 431, 84 S.Ct. 1555, 1559, 12 L.Ed.2d 423 (1964).

In *Borak,* the Supreme Court recognized an implied private right of action under § 14(a) by shareholders or investors injured by reason of false or misleading proxy solicitations. *Id.* at 430–31, 84 S.Ct. at 1558–59. *Accord, Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 377, 90 S.Ct. 616, 618, 24 L.Ed.2d 593 (1970). Palumbo contends that a shareholder may only seek redress by direct action under § 14(a) if his injury flows from having acted in reliance on the misleading statements. We disagree. Standing depends on injury, and we believe that one who alleges that he has been wrongfully ousted from a Board of Directors because management improperly persuaded other shareholders not to vote for him, has articulated an injury cognizable under § 14(a). *See Smallwood v. Pearl Brewing Co.,* 489 F.2d 579, 599 n. 28 (5th Cir.), *cert. denied,* 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 113 (1974); *Dann v. Studebaker-Packard Corp.,* 288 F.2d 201, 209 (6th Cir.1961); *Fradkin v. Ernst,* 98 F.R.D. 478, 489 (N.D.Ohio 1983); *Edelman v. Salomon,* 559 F.Supp. 1178, 1185 (D.Del. 1983). *But see Gaines v. Haughton,* 645 F.2d 761, 773–74 (9th Cir.1981); *Summers v. Lukash,* 562 F.Supp. 737, 741 (E.D.Pa. 1983); *Stockholders Committee for Better Management v. Erie Technological Products, Inc.,* 248 F.Supp. 380, 384 (W.D.Pa. 1965).

■ When it granted summary judgment in favor of the bank and Brubaker, the district court found moot both Palumbo's request that the 1983 Deposit Bank election of directors be set aside, and his request that persons not having adequate share ownership of the bank be enjoined from serving as directors. It based this decision on the fact that after the election, 88.75% of the shareholders voted in favor of a merger, and after the merger, directors were not required to own shares at all. We believe the district court acted properly. *See Maldonado v. Flynn,* 597 F.2d 789, 797 n. 10 (2d Cir.1979); *Browning Debenture Holders' Committee v. Dasa Corp.,* 524 F.2d 811, 816 (2d Cir. 1975); *Sanders v. Thrall Car Mfg. Co.,* 582

F.Supp. 945, 955 (S.D.N.Y.1983), *aff'd per curiam,* 730 F.2d 910 (2d Cir.1984).

■ We also approve the district court's action with respect to the by-law prescribing the maximum age for directors. The Pennsylvania Banking Code provides that the by-laws of a bank may prescribe the qualifications of directors. 7 P.S. § 1402(b) (1967). In addition, shareholders may "make, alter, amend and repeal the by-laws" by a majority vote, 7 P.S. § 204(a) (1967). Here, the shareholders, by majority vote, approved the addition to the by-laws which sets a maximum age for directors. We agree with the district court that an age limit for directors is a proper subject of bank by-laws.

■ When it granted summary judgment, the district court refused Palumbo's request for an accounting from Deposit Bank's management for funds expended in connection with the 1982 and 1983 proxy contests. It properly concluded that when a proxy contest involves issues of corporate policy, the incumbent board of directors may make reasonable expenditures from the corporate treasury to solicit proxies in their favor. *See, e.g., Levin v. Metro-Goldwyn-Mayer, Inc.,* 264 F.Supp. 797, 803–04 (S.D.N.Y.1967); *Locke Manufacturing Companies v. United States,* 237 F.Supp. 80, 85 (D.Conn.1964); 5 W. Fletcher, O. Smith, *Fletcher Cyclopedia of the Law of Private Corporations,* § 2052.3 (1976). Here, the proxy contest concededly involved matters of corporate policy, such as the propriety of a merger, and Palumbo has not alleged that the amounts expended by management were unreasonable. Accordingly, we affirm the judgment of the district court on this issue.

■ Finally, Palumbo appeals the district court's denial of extraordinary relief by its order of February 16, 1984. Palumbo requested extraordinary relief to prevent the merger between Deposit and FCFC, which he believed to be disadvantageous to the bank. We note first that minority shareholders may not substitute

their judgment for that of the directors and shareholders unless they meet a heavy burden of proving fraud, waste or over-reaching. *See, e.g., Ash v. International Business Machines, Inc.*, 353 F.2d 491, 493 (3d Cir.1965), *cert. denied*, 384 U.S. 927, 86 S.Ct. 1446, 16 L.Ed.2d 531 (1966); *Chambers v. Beaver Advance Corp.*, 392 Pa. 481, 489, 140 A.2d 808, 812 (1958). Palumbo presented no evidence of corporate over-reaching or fraud, arguing only that he believed the proposed merger was not the most favorable merger possible, and that he had better ideas. These allegations alone do not suffice to impeach the good faith judgment of the directors and share-holders as to the propriety of the merger.

■ Palumbo further argues that because one of the directors of Deposit Bank who approved the merger agreements was also a director, officer and shareholder of FCFC the board of directors assumed the burden of proving that the merger was fair and reasonable. We disagree. Pennsylvania law does not impose a presumption of invalidity on such a transaction if a majority of disinterested directors approves it. The burden of showing fraud, waste or overreaching remains on the minority shareholder unless the interested director's vote was necessary to approve the transaction. *See, e.g., Pennsylvania Knitting Mills v. Bayard*, 287 Pa. 216, 134 A. 397 (1916); *Bonini v. Family Theatre Corp.*, 327 Pa. 273, 194 A. 498 (1937); *Bowman v. Gum, Inc.*, 327 Pa. 403, 193 A. 271 (1937). Here, not only did a majority of disinterested directors approve the merger, but the shareholders, by a wide majority and after a full factual disclosure, ratified the action of the board as well. *See Smith v. Brown-Borhek Co.*, 414 Pa. 325, 200 A.2d 398 (1964). Accordingly, the district court correctly denied the motion for extraordinary relief, since Palumbo failed to produce any evidence of wrongful conduct on the part of Deposit Bank's management.

Accordingly, the judgment of the district court will be affirmed.